1  Marc X. Carlos
   California State Bar No. 132987
2  **BARDSLEY & CARLOS, L.L.P.**
   424 "F" Street, Suite A
3  San Diego, CA  92101
   Telephone:  (619) 702-3226
4  Facsimile:   (619) 702-5415

5  Attorneys for Defendant
   ALBERTO LUGOS-CISNEROS

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10             **(HONORABLE MARILYN L. HUFF)**

11

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.:   07CR3025-H |
| ) | |
| Plaintiff, ) | DATE:        DECEMBER 17, 2007 |
| ) | TIME:        2:00 P.M. |
| v.  ) | |
| ) | **POINTS AND AUTHORITIES** |
| ) | **IN SUPPORT OF MOTIONS:** |
| ALBERTO LUGOS-CISNEROS, ) | |
| ) | 1.        TO COMPEL DISCOVERY; |
| Defendant. ) | 2.        LEAVE TO FILE ADDITIONAL |
| ) | MOTIONS. |

18              **STATEMENT OF THE CASE**

19        In the instant case, defendant ALBERTO LUGOS-CISNEROS (hereinafter "Mr. LUGOS-
20  CISNEROS") is charged in a six-count Indictment of Bringing in Illegal Aliens for Financial Gain,
21  Transportation of Illegal Aliens and Aiding and Abetting, in violation of Title 8, U.S.C. sections
22  1324(a)(2)(B)(ii), 1324 (a)(1)(A)(ii) and 18 U.S.C. section 2.

23        Mr. LUGOS-CISNEROS has entered a not guilty plea to the charges.

24  ///

25  ///

26  ///

27  ///

28

1

### POINTS AND AUTHORITIES

2

### I.

3

### MOTION TO COMPEL DISCOVERY

4      Defense counsel has not yet received discovery in the instant case.  Therefore, in order to

5   preserve his record, defendant moves for the production by the government of the following items.

6   This request is not limited to those items that the prosecutor knows of, but rather includes all

7   discovery listed below that is in the custody, control, care, or knowledge of any "closely related

8   investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir.), cert.

9   denied, 493 U.S. 858 (1989):

10      (1)  The Defendant's Statements  Under Fed. R. Crim. P. 16 (a)(1)(A) the defendant is

11   entitled to disclosure of all copies of any written or recorded statements made by the defendant; the

12   substance of any statements made by the defendant which the government intends to offer in

13   evidence at trial; any recorded testimony of the defendant before the grand jury; any response by the

14   defendant to interrogation; the substance of any oral statements which the government intends to

15   introduce at trial, and any written summaries of the defendant's oral statements contained in the

16   handwritten notes of the government agent; any response to any Miranda warnings which may have

17   been given to the defendant (see United States v. McElroy, 697 F.2d 459 (2d Cir. 1982)); and any

18   other statements by the defendant that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).  The

19   Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the

20   Government must reveal **all** the defendant's statements, whether oral or written regardless of whether

21   the Government intends to introduce those statements;

22      (2)  Arrest Reports, Notes and Dispatch Tapes  The defendant also specifically requests that

23   all arrest reports, notes and dispatch or any other tapes that relate to the circumstances surrounding

24   his arrest or any questioning, if such reports have not already been produced in their entirety, be

25   turned over to him.  This request includes, but is not limited to, any rough notes, records, reports,

26   transcripts or other documents or audio/video recordings in which statements of the defendant or any

27   other discoverable material is contained.  This is all discoverable under Fed. R. Crim. P. 16(a)(1)(A)

28   and Brady v. Maryland, 373 U.S. 83 (1963).  See also United States v. Johnson, 525 F.2d 999 (2d

1  Cir. 1975), <u>cert. denied</u>, 424 U.S. 920 (1976); <u>United States v. Lewis</u>, 511 F.2d 798 (D.C. Cir. 1975);

2  <u>United States v. Pilnick</u>, 267 F. Supp. 791 (S.D.N.Y. 1967); <u>Loux v. United States</u>, 389 F.2d 911

3  (9th Cir.), <u>cert. denied</u>, 393 U.S. 867 (1968).  Arrest reports, investigator's notes, memos from

4  arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the

5  defendant are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

6      (3)  <u>Reports of Scientific Tests or Examinations</u>  Pursuant to Fed. R. Crim. P. 16(D),

7  defendant requests the reports of all tests and examinations conducted upon the evidence in this case,

8  including but not limited to the scientific chemical testing done upon any drugs seized in this case

9  to determine if it is indeed the drugs the indictment alleges, and any fingerprint testing done upon

10  any evidence seized in this case, that is within the possession, custody, or control of the government,

11  the existence of which is known, or by the exercise of due diligence may become known, to the

12  attorney for the government, and which are material to the preparation of the defense or are intended

13  for use by the government as evidence in chief at the trial.

14      (4)  <u>Brady Material</u>  The defendant requests all documents, statements, agents' reports, and

15  tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility

16  of the government's case.  Impeachment as well as exculpatory evidence falls within <u>Brady's</u>

17  definition of evidence favorable to the accused.  <u>United States v. Bagley</u>, 473 U.S. 667 (1985);

18  <u>United States v. Agurs</u>, 427 U.S. 97 (1976);

19      (5)  <u>Any Information that May Result in a Lower Sentence under the United States</u>

20  <u>Sentencing Guidelines (U.S.S.G.)</u>  As discussed above, this information is discoverable under <u>Brady</u>

21  <u>v. Maryland</u>, 373 U.S. 83 (1963).  This request includes any cooperation or attempted cooperation

22  by the defendant, as well as any information that could affect any base offense level or specific

23  offense characteristic under Chapter Two of the U.S.S.G.  Also  included in this request is any

24  information relevant to a Chapter Three adjustment, a determination of the defendant's criminal

25  history, or any other application of the U.S.S.G.;

26      (6)  <u>The Defendant's Prior Record</u>  Evidence of prior record is available under Fed. R. Crim.

27  P. 16(a)(1)(B);

28  ///

1    (7) <u>Any Proposed 404(b) Evidence</u>  Evidence of prior similar acts is discoverable under Fed.

2   R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.  In addition, under Fed. R. Evid. 404(b),

3   "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial

4   . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R.

5   Evid. 404(b) at trial.  The defendant requests that such notice be given three weeks prior to trial, or

6   as soon as possible in order to give the defense time to adequately investigate and prepare for trial;

7    (8) <u>Evidence Seized</u>  Evidence seized as a result of any search, either warrantless or with a

8   warrant, is discoverable under Fed. R. Crim. P. 16(a)(1)(C);

9    (9)  <u>Request for Preservation of Evidence</u>   The defendant specifically requests that all

10   dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the

11   possession, custody, or care of the government and which relate to the arrest or the events leading

12   to the arrest in this case be preserved.  This request includes, but is not limited to, any samples used

13   to run any scientific tests, any narcotics, and any evidence seized from any third party.  It is requested

14   that the government be ordered to <u>question</u> all the agencies and individuals involved in the

15   prosecution and investigation of this case to determine if such evidence exists, and if it does exist,

16   to inform those parties to preserve any such evidence;

17    (10)  <u>Tangible Objects</u>   The defendant requests, under Fed. R. Crim. P. 16(a)(2)(C), the

18   opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects,

19   including photographs, books, papers or documents of vehicles, buildings or places or copies of

20   portions thereof which are material to the defense or intended for use in the government's

21   case-in-chief, or were obtained from or belong to the defendant;

22    (11)  <u>Evidence of Bias or Motive to Lie</u>   The defendant requests any evidence that any

23   prospective government witness is biased or prejudiced against the defendant, or has a motive to

24   falsify or distort his or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States</u>

25   <u>v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988), <u>cert. denied</u>, 489 U.S. 1032 (1989);

26    (12)  <u>Impeachment Evidence</u>   The defendant requests any evidence that any prospective

27   government witness has engaged in any criminal act, whether or not resulting in a conviction, and

28   whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609

and 613. Such evidence is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988) (witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness' credibility);

(13) <u>Evidence of Criminal Investigation of Any Government Witness</u>    The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct. <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.), <u>cert. denied</u>, 474 U.S. 945 (1985);

(14) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u> The defense requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 224 (4th Cir. 1980);

(15) <u>Witness Addresses</u>    The defendant requests the name and last known address of each prospective government witness. <u>See</u> <u>United States v. Napue</u>, 834 F.2d 1311 (7th Cir. 1987); <u>United States v. Tucker</u>, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); <u>United States v. Cook</u>, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses), <u>cert. denied</u>, 444 U.S. 1034 (1980). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. <u>United States v. Cadet</u>, 727 F.2d 1453 (9th Cir. 1984);

(16) <u>Name of Witnesses Favorable to the Defendant</u>    The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged. <u>Jackson v. Wainwright</u>, 390 F.2d 288 (5th Cir. 1968); <u>Chavis v. North Carolina</u>, 637 F.2d 213, 223 (4th Cir. 1980); <u>Jones v. Jago</u>, 575 F.2d 1164, 1168 (6th Cir.), <u>cert. denied</u>, 439 U.S. 883 (1978); <u>Hudson v. Blackburn</u>, 601 F.2d 785 (5th Cir. 1979), <u>cert. denied</u>, 444 U.S. 1086 (1980);

///

1    (17) <u>Statements Relevant to the Defense</u>  The defendant requests disclosure of any statement

2  that may be "relevant to any possible defense or contention" that he might assert.  <u>United States v.</u>

3  <u>Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982);

4    (18) <u>Jencks Act Material</u>  The defense requests all material to which defendant is entitled

5  pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial, including dispatch

6  tapes.  A verbal acknowledgment that "rough" notes constitute an accurate account of the witness'

7  interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1).  <u>Campbell</u>

8  <u>v. United States</u>, 373 U.S. 487, 490-92 (1963).  In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir.

9  1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the

10 interview the notes are then subject to the Jencks Act.  The defense requests pre-trial production of

11 <u>Jencks</u> material to expedite cross-examination and to avoid lengthy recesses during trial;

12    (19) <u>Giglio Information</u>  Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the

13 defendant requests all statements and/or promises, express or implied, made to any government

14 witnesses, in exchange for their testimony in this case, and all other information which could

15 arguably be used for the impeachment of any government witnesses;

16    (20) <u>Personnel Records of Government Officers Involved in the Arrest</u>  The defendant

17 requests all citizen complaints and other related internal affairs documents involving any of the law

18 enforcement officers who were involved in the investigation, arrest and interrogation of him,

19 pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature

20 of these documents, defense counsel will not be able to procure them from any other source;

21    (21) <u>Government Examination of Law Enforcement Personnel Files</u>  Defendant requests

22 that the government examine the personnel files and any other files within its custody, care or

23 control, or which could be obtained by the government, for all testifying witnesses, including

24 testifying officers.  Defendant requests that these files be reviewed by the government attorney for

25 evidence of perjurious conduct or other like dishonesty, or any other material relevant to

26 impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v.</u>

27 <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).  The obligation to examine files arises by virtue of the

28 defense making a demand for their review:  the Ninth Circuit in <u>Henthorn</u> remanded for <u>in camera</u>

1   review of the agents' files because the government failed to examine the files of agents who testified

2   at trial.  This Court should therefore order the government to review all such files for all testifying

3   witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. LUGOS-

4   CISNEROS prior to trial.  Mr. LUGOS-CISNEROS specifically requests that the prosecutor, not the

5   law enforcement officers, review the files in this case.  The duty to review the files, under <u>Henthorn</u>,

6   should be the prosecutor's and not the officers'.  Only the prosecutor has the legal knowledge and

7   ethical obligations to fully comply with this request.

8

9                                 **II.**

10                 **LEAVE TO FILE FURTHER MOTIONS**

11      Mr. LUGOS-CISNEROS and defense counsel have  received some discovery in this case.

12   As more information comes to light, due to the government providing discovery in response to these

13   motions or an order of this court, the defense may find it necessary to file further motions.  Defense

14   counsel therefore requests leave to file further motions based upon information gained through the

15   discovery process.

16

17                         **<u>CONCLUSION</u>**

18      For the reasons stated above, defendant respectfully requests that this Court grant his motions

19   to compel discovery and to grant leave to file additional motions.

20

21   Dated: November 20, 2007              Respectfully submitted,

22

23

24                                 s/ Marc X. Carlos
                                      Marc X. Carlos
                                      Attorney for Defendant

25                                 ALBERTO LUGOS-CISNEROS

26

27

28